IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JERRY BUTLER,

    Plaintiff,                                       OPINION AND ORDER

    v.                                             16-cv-345-wmc

CENTRAL CONNECTICUT STATE UNIVERSITY,
DR. CARL LOVETT AND
DR. CASSANDRA BROADUS-GARCIA ,

    Defendants.
_____

*Pro se* plaintiff Jerry Butler claims that his former employer, Central Connecticut State University, denied him tenure on the basis of his race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* Defendants have now moved to dismiss the case for lack of personal jurisdiction and improper venue. (Dkt. #9.) The court agrees that venue is improper in this court, but will transfer the case under 28 U.S.C. § 1406, rather than dismiss it, in order to insure that plaintiff's claims are not barred by the applicable statute of limitations. Because the court finds that venue is improper, it is unnecessary to decide whether this court has personal jurisdiction over each of the defendants. *See Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986).

OPINION

By statute, venue for plaintiff's Title VII claim is proper in any district in the state where (1) the alleged discrimination took place; (2) the relevant employment records are maintained; or (3) where the plaintiff would have worked but for the alleged discrimination. *See* 42 U.S.C. § 2000e-5(f)(3). In particular, Title VII provides, in pertinent part:

1

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).

On the face of plaintiff's pleading, in the Western District of Wisconsin fits none of the venues authorized by Title VII. Plaintiff alleges in his complaint that the unlawful discrimination occurred at Central Connecticut State University in New Britain, Connecticut, and that he would have continued working in New Britain if he had not been denied a promotion. (*See* dkt. #1.) He further fails to allege that the relevant employment records are maintained anywhere but New Britain. Accordingly, *only* federal courts located in Connecticut would appear to have proper venue over plaintiff's claims. Regardless, this court does not.

Because venue is improper, the court may either dismiss the case or, "if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Although defendants have requested dismissal, the court is concerned that plaintiff may be barred from pursuing his claims at all. Under Title VII, an action must be brought within 90 days of receipt of the EEOC's right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). "In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the 90-day limitations period." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2nd Cir. 1993).

Plaintiff received his right-to-sue letter on April 22, 2016, meaning the 90 days have

now passed. Therefore, the interests of justice are best served by transfer of plaintiff's Title VII claims rather than dismissal.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss (dkt. #9) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to defendants' argument that venue is improper in this court, but the remainder of the motion is DENIED as moot.

2. This case is TRANSFERRED to the United States District Court for the District of Connecticut.

Entered this 15th day of November, 2016.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge