UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JERRY BUTLER,<br>      Plaintiff,<br><br>      v.<br><br>CENTRAL CONNECTICUT STATE<br>UNIVERSITY, CARL LOVETT, AND<br>CASSANDRA BROADUS-GARCIA,<br>      Defendants. | No. 3:16-cv-01887 (MPS) |

**CONFERENCE MEMORANDUM AND ORDER**

On December 12, 2016, I held a telephonic Rule 16 pretrial conference with Jerry Butler, proceeding *pro se*, and Matthew Larock, attorney for the defendants, Central Connecticut State University, Carl Lovett, and Cassandra Broadus-Garcia.

Defendants have filed a Motion to Dismiss, asserting that Plaintiff's Title VII claims against the individual defendants, Broadus-Garcia and Lovett, should be dismissed because "individuals are not subject to liability under Title VII" in the Second Circuit. *Patterson v. Cty. Of Oneida, N.Y.*, 375 F. 3d 206, 221 (2d Cir. 2004). On the call, I asked the Plaintiff if he had any authority to support his claims against Broadus-Garcia and Lovett under Title VII. He replied that he did not. Therefore, I GRANT Defendant's Motion to Dismiss (ECF No. 28) as to Defendants Broadus-Garcia and Lovett.

I also asked Plaintiff if he would like a chance to amend his complaint, and he indicated that he would. Within 21 days, Plaintiff shall filed an amended complaint, in which he pleads as many facts as possible, consistent with Rule 11 of the Federal Rules of Civil Procedure. The amended complaint should also comply with Rule 8 of the Federal Rules of Civil Procedure, which requires that a pleading contain both "a short and plain statement of the grounds for the court's

jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1),(a)(2). "Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citation and quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

I also asked about the possibility of settlement. It appears the parties are willing to entertain settlement discussions at this time. As discussed at the conference, I will refer the case to mediation with Magistrate Judge Donna F. Martinez. Discovery is stayed until the **sooner** of the following: (1) after any failed mediation concludes, or (2) March 1, 2017. If the case has not settled, the parties shall, on the earlier of the two dates in the preceding sentence, submit a revised Rule 26(f) report. The Court will thereafter issue a full scheduling order.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
           December 13, 2016